IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:97-cr-00361-DCN-1 |
| vs. | ) | |
| | ) | **ORDER** |
| JERRY JEFFERSON SEXTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Jerry Jefferson Sexton's ("Sexton") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(l)(A), ECF No. 135. For the following reasons, the court grants the motion.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) provides an exception to this general rule where "extraordinary and compelling reasons warrant such a reduction." Prior to the First Step Act, the law permitted only the Bureau of Prisons ("BOP") to file motions for compassionate release. United States v. Dowdell, 669 F. App'x 662 (4th Cir. 2016). Section 603 of the First Step Act amended § 3582(c)(1)(A)(i), authorizing defendants themselves to file requests for compassionate relief with the sentencing court after exhausting available administrative remedies. United States v. Griggs, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). The determination of whether "extraordinary and compelling circumstances" warrant relief is within the discretion of the district court. United States v. Beck, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). If the court finds that such circumstances warrant a reduction in a defendant's sentence, it must "consider the factors set forth in [18 U.S.C.] § 3553(a)" to determine whether such a reduction is justified. 18 U.S.C. § 3582(c)(1)(A)(i). A compassionate relief defendant "has the burden of

1

establishing that such relief is warranted." Griggs, 462 F. Supp. 3d at 615.  Even after the First Step Act, that burden remains "exceptionally high." United States v. McCoy, 981 F.3d 271, 288 (4th Cir. 2020).

On April 7, 1997, Sexton and his wife, Colleen, were indicted in a four-count indictment in the District of South Carolina.  ECF No. 1.  The charges against Sexton's wife were ultimately dismissed, and Sexton went to trial in September 2000 on a nine-count fifth superseding indictment related to drug trafficking and possession of firearms. ECF No. 83.  Sexton and Colleen were also facing charges in the Western District of Virginia during the pendency of the South Carolina prosecution.  Sexton went to trial on the Virginia charges in May 1997 and was found guilty on nine counts.  United States of America vs. Jerry Jefferson Sexton, No. 97-00009-001-C (W.D. Va. 1997).  On October 15, 1997, the Western District of Virginia sentenced Sexton to a total of 200 months imprisonment.

Thereafter, Sexton was found guilty on all nine counts in the District of South Carolina and was sentenced by this court on January 25, 2001.  ECF No. 115.  Two of Sexton's South Carolina convictions were for 18 U.S.C. § 924(c) charges for using or possessing a firearm in the course of drug trafficking or some other violent crime.  Based on Sexton's § 924(c) conviction as a result of the Virginia prosecution and pursuant to § 924(c)(1)(C), this court sentenced Sexton to a consecutive life sentence on one § 924(c) count and a consecutive 240-month sentence on the other.  ECF No. 115.  Sexton is currently seventy-eight years old and has been incarcerated since his arrest on March 31, 1996.  A review of Sexton's BOP records evinces that he has had no disciplinary incidents in the past eighteen years.  Sexton also has a lengthy list of current health

problems, which are fully briefed in Sexton's supplemental motion and corroborated in his BOP medical records.

Sexton moves for relief pursuant to U.S.S.G. § 1B1.13, Application Note 1(B). Congress provided that the United States Sentencing Commission ("USSC") "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The USSC last issued a policy statement, U.S.S.G. § 1B1.13, on November 1, 2018, to define these extraordinary and compelling reasons.[1] Application Note 1(B) of this policy statement provides that a defendant's age qualifies as an extraordinary and compelling circumstance when "the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, Application Note 1(B).

Given Sexton's age, declining medical condition, and the amount of time he has served for his crimes of conviction, Sexton meets the extraordinary and compelling reasons for release set forth in §1B1.13, Application Note 1(B). First, Sexton is seventy-eight years old. Second, he has served over twenty-five years. Third, a review of

---

[1] The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, § 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); McCoy, 981 F.3d at 280–84. Rather, "[§] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, § 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284.

Sexton's medical records from the BOP reflects a serious deterioration in his physical health.  Sexton's declining medical condition includes the following diagnoses: chronic obstructive pulmonary disease ("COPD"), hypertension, hyperlipidemia, herniated discs, loss of vision, and loss of hearing.

Sexton's satisfaction of the conditions articulated in § 1B1.13, Application Note 1(B) suggests, but does not conclusively establish, that Sexton has demonstrated extraordinary and compelling reasons for his release.  Additionally, despite Sexton's vaccination status, his age and COPD diagnosis put him at a higher risk of serious illness should he contract COVID-19.  Sexton's medical records confirm that his condition is rapidly deteriorating and that he is unable to care for himself.  The United States believes that Sexton, at his age and in his current condition, would not pose a danger to anyone in the community and thus consents to the motion.  The court, in its discretion, agrees that Sexton's circumstances are extraordinary and compelling and justify his immediate release.  Further, having considered the sentencing factors in 18 U.S.C. § 3553(a), the court is satisfied that a reduction is warranted.  Given his advanced age, deteriorating health, long history of good conduct, twenty-five years served, and his plan for a stable release to a supportive home, Sexton is unlikely to offend again and has been significantly and adequately punished.  Sexton's motion is therefore **GRANTED**.

Accordingly, Sexton's previously imposed sentence of imprisonment is reduced to time served as to each count, to run concurrently.  The remaining provisions of Sexton's sentence remain unchanged.  This order is stayed for up to fourteen days, for the verification of Sexton's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Sexton's safe release.  Sexton shall be

released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements, the parties shall immediately notify the court and show cause why the stay should be extended.

        **AND IT IS SO ORDERED.**

                                  **DAVID C. NORTON**
                                  **UNITED STATES DISTRICT JUDGE**

**March 21, 2022**
**Charleston, South Carolina**